GRANT, APPELLANT, *v.* WILLIAMS, JUSTICE OF THE PEACE, ET AL., RESPONDENTS.

(No. 3,866.)

(Submitted January 31, 1918.  Decided February 18, 1918.)

[171 Pac. 276.]

*Malicious Prosecution — False Imprisonment — Complaint — Insufficiency.*

Malicious Prosecution—Complaint—Insufficiency.
1. In an action for malicious prosecution, complaint which fails to state that defendant constable acted maliciously in instituting a proceeding against plaintiff in a justice court does not state a cause of action.

False Imprisonment—Complaint—Insufficiency.
2. Complaint in an action for false imprisonment must allege that the defendant acted without warrant or other sufficient legal process, the allegation that he acted "wrongfully" and "unlawfully" not supplying a statement of facts upon which issue could be joined.

[As to what amounts to false imprisonment, see note in 118 **Am. St. Rep.** 719.]

*Appeal from District Court, Blaine County; John W. Tattan, Judge.*

ACTION by Hugh L. Grant against W. H. Lutz, L. V. Bogy and Edward Price, and F. N. Williams as Justice of the Peace. From a judgment in favor of the first three named defendants, plaintiff appeals.  Affirmed.

*Mr. R. E. O'Keefe,* for Appellant, submitted a brief.

*Messrs. Collings & Bottomley,* for Respondents, submitted a brief; *Mr. John Collins* argued the cause orally.

In order to constitute a cause of action for malicious prosecution the act of putting the machinery of the law in operation against appellant must have been done maliciously and without probable cause.  (*Smith* v. *Davis,* 3 Mont. 109; *Grorud* v. *Lossl,* 48 Mont. 274, 136 Pac. 1069; 26 Cyc. 74, 75.)

Lutz, the constable, cannot be held responsible for malicious prosecution for the error of the officer issuing a warrant, if his

pretended complaint did not charge a crime. (*Collum* v. *Turner,* 102 Ga. 534, 27 S. E. 680; *Krause* v. *Spiegel,* 94 Cal. 370, 28 Am. St. Rep. 137, 15 L. R. A. 707, 29 Pac. 707; *Satilla Mfg. Co.* v. *Cason,* 98 Ga. 14, 58 Am. St. Rep. 287, 25 S. E. 909.)    It does not appear that Williams was even a justice of the peace; in fact, the contrary is implied, the proceedings complained of are extrajudicial, and an action for malicious prosecution does not lie. (*Turpin* v. *Remy,* 3 Blackf. (Ind.) 210, 216; *Krause* v. *Spiegel, supra; Newman* v. *Davis,* 58 Iowa, 447, 10 N. W. 852.)

Nothing in the alleged second cause of action (for false imprisonment) indicates that Lutz was not, at the time he made the arrest and confinement complained of, armed with sufficient process.    The presumption is that he pursued his duties regularly. (*Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189; 16 Cyc. 1076.)    The failure to allege that no process had issued for the arrest of appellant is not supplied by the allegation that these acts were done, "without right of authority so to do whatsoever."    To allege that an act was done "wrongfully" or "unlawfully," *etc.,* adds nothing of value to a pleading. (*Triscony* v. *Orr,* 49 Cal. 617; *Going* v. *Dinwiddie,* 86 Cal. 633, 25 Pac. 129.)    To allege "that said arrest was without any legal authority, without any probable cause, and was malicious" (*McMichael* v. *Blasingame,* 108 Ga. 298, 33 S. E. 968), or that an order of commitment was made "knowingly, maliciously, arbitrarily, and oppressively, without right, jurisdiction or authority of law" (*Olmsted* v. *Edson,* 71 Neb. 17, 98 N. W. 415; *King* v. *Johnston,* 81 Wis. 578, 51 N. W. 1011), or that defendant arrested plaintiff "under color of process" (*Barfield* v. *Turner,* 101 N. C. 357, 8 S. E. 115), does not tender an issue.

Wrongful acts done by an officer merely under color of office and which are not done by virtue of his office give rise to no liability against his sureties. (*Gerber* v. *Ackley,* 37 Wis. 43, 19 Am. Rep. 751; *People* v. *Pacific Surety Co.,* 50 Colo. 273, Ann. Cas. 1912C, 577, 109 Pac. 961; *Felonicher* v. *Stingley,* 142 Cal. 630, 76 Pac. 504.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The facts out of which this controversy arises are set forth fully in *Grant* v. *Williams, ante,* p. 246, 169 Pac. 286. This appeal is from the judgment in favor of defendant Lutz and his sureties, Bogy and Price.

1. It is not alleged in the complaint that Lutz acted maliciously
**[1]**  in instituting the proceedings in the justice court, and for this reason a cause of action for malicious prosecution is not stated. (*Smith* v. *Davis,* 3 Mont. 109; *Grorud* v. *Lossl,* 48 Mont. 274, 136 Pac. 1069; *Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189.)

2. The complaint charges that defendant Lutz acted in his
**[2]**  official capacity as town marshal of Chinook when he arrested the plaintiff, but it fails to allege that he acted without warrant or other sufficient legal process. From the facts stated, the presumption arises that Lutz performed an official duty in a regular manner (Rev. Codes, sec. 7962, subd. 15), and to make out a cause of action for false imprisonment the burden was imposed upon the plaintiff to state facts sufficient to overcome this presumption and to disclose wherein the violation of his liberty was unlawful. This he failed to do. The most extravagant use of the terms "wrongfully" and "unlawfully" will not serve to relieve the pleader of the necessity of stating facts upon which issue may be joined. (*Going* v. *Dinwiddie,* 86 Cal. 633, 25 Pac. 129.)

The complaint does not state a cause of action, and the court ruled correctly in sustaining the demurrer.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.