KOZASA, Respondent, v. NORTHERN PACIFIC RAIL-
WAY CO. et al., Appellants.

(No. 4,494.)

(Submitted September 26, 1921. Decided October 27, 1921.)

[201 Pac. 682.]

*Extortion — Payment — Duress — Threats — Pleading — Cer-
tainty—Complaint—Conclusions—Insufficiency.*

Pleading—Object—Degree of Certainty.
1. The object of pleading is to notify the adverse party of the
facts which the pleader expects to prove, and for that reason the
allegation of such facts must be made with that certainty which
will enable the opponent to prepare his evidence to meet the alleged
facts.

Involuntary Payment—Recovery Back—Threats—Complaint—Conclusions—
Insufficiency.
2. In an action to recover money claimed to have been involuntarily
paid, the complaint, simply averring, by way of conclusion, that de-
fendants by coercion, threats, and intimidation and by putting plain-
tiff in fear, extorted it from him, was insufficient to state a cause of
action in the absence of an allegation of the facts constituting the
legal basis for the charge of involuntary payment.

*Appeals from District Court, Sanders County; Asa L.
Duncan, Judge.*

Action by K. Kozasa against the Northern Pacific Railway
Company and another. Judgment for plaintiff and defend-
ants appeal from it and from an order overruling their motion
for a new trial. Reversed and remanded.

*Messrs. Gunn, Rasch & Hall,* for Appellants, submitted a
brief; *Mr. E. M. Hall* argued the cause orally.

The court erred in overruling defendants' demurrer to
the second cause of action. It contains no allegation of facts
to show what the alleged acts of coercion, threats and intimi-
dation consisted of. It pleads nothing but conclusions. In
*Kraemer* v. *Deustermann*, 37 Minn. 469, 35 N. W. 276, it
was held that a complaint alleging "that the money was
exacted from him by fraud, threats and duress," without

stating what the fraudulent representations or conduct or threats were, was insufficient. (*Kamenitsky* v. *Corcoran,* 177 App. Div. 605, 164 N. Y. Supp. 297; *Rand* v. *Board of Commissioners of Hennepin County,* 50 Minn. 391, 52 N. W. 901; *Hanford Gas & Water Co.* v. *City of Hanford,* 163 Cal. 108, 124 Pac. 727; *Williams* v. *Stewart,* 115 Ga. 864, 42 S. E. °256; *O'Brien* v. *Quinn,* 35 Mont. 441, 446, 90 Pac. 166.)

No appearance on behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action consists of three paragraphs. [1, 2] In paragraph 1 it is alleged that the defendant railway company is a corporation organized under the laws of Wisconsin, and doing business in Sanders County, Montana. Paragraph 2 reads as follows: "That on or about the twenty-seventh day of October, 1917, the defendants above named, by coercion, threats, and intimidation and by putting plaintiff in fear, did extort from plaintiff property and money of the worth and value of $829.75." In paragraph 3 it is alleged that since October 27, 1917, defendants have wrongfully detained the property and money without plaintiff's consent. Then follows the prayer. A general demurrer to the complaint was interposed but overruled, and, at the opening of the trial, counsel for defendants objected to the introduction of any evidence on the ground that the complaint does not state facts sufficient to constitute a cause of action. The objection was overruled, and exception reserved. The trial resulted in a verdict and judgment in favor of the plaintiff for the amount claimed, and defendants appealed therefrom and from an order denying them a new trial.

The gravamen of the plaintiff's cause of action must be found, if at all, in paragraph 2 of the complaint, quoted above. Section 6532, Revised Codes, provides that a complaint must contain "a statement of the facts constituting

the cause of action.'' Paragraph 2 states but a bald, legal conclusion. Whether defendants obtained plaintiff's property by extortion depends upon certain facts. Sections 8663 and 8664, Revised Codes, read as follows:

''8663. Extortion is the obtaining property from another with his consent induced by wrongful use of force or fear or under color of official right.

''8664. Fear, such as will constitute extortion, may be induced by a threat either—

''1. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his, or member of his family; or,

''2. To accuse him or any relative or member of his family of any crime; or,

''3. To expose or impute to them or him any deformity or disgrace; or,

''4. To expose any secret affecting him or them.''

In an action to recover money paid involuntarily, the complaint must state the facts which constitute a legal basis for the charge of involuntary payment, so that the court may be able to determine whether the pleader's conclusion is justified. (*Kamenitsky* v. *Corcoran,* 177 App. Div. 605, 164 N. Y. Supp. 297; *Kraemer* v. *Deustermann,* 37 Minn. 469, 35 N. W. 276; *Hanford Gas & Water Co.* v. *City of Hanford,* 163 Cal. 108, 124 Pac. 727; *Grant* v. *Williams,* 54 Mont. 426, 171 Pac. 276.) ''The object of pleading is to notify the opposite party of the facts which the pleader expects to prove, and so it is that the allegation of such facts must be made with that certainty which will enable the adverse party to prepare his evidence to meet the alleged facts.'' (21 R. C. L. 436.)

This complaint does not give to the defendants the slightest intimation of the facts which they would be called upon to meet at the trial, and for this reason it does not state a cause of action, and will not sustain a judgment.

Whether it is possible for plaintiff to state a cause of action, in view of the testimony given by him upon the trial of this case, is a question we do not determine. He has not appeared in this court or furnished any brief, and we reserve our opinion until the matter has been presented fully.

The judgment and order are reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.