RITCHIE, Appellant, v. NORTHERN PAC. RY. CO., Respondent.

No. 9402.

Submitted May 27, 1954. Decided July 10, 1954.

272 Pac. (2d) 728.

Messrs. Corette, Smith and Dean, Butte, for appellant.

Messrs. Maury, Shone and Sullivan, Butte, for respondent.

Mr. A. G. Shone and Mr. Kendrick Smith argued orally.

MR. JUSTICE FREEBOURN:

This is an appeal from the district court of the second judicial district of the State of Montana, in and for the County of Silver Bow, the Honorable John B. McClernan, district judge, presiding, and from a judgment of such court which "ordered, adjudged and decreed, that the demurrers of the defendant to plaintiff's amended complaint be, and the same is, sustained and that the relief prayed for in plaintiff's amended complaint be, and the same is hereby denied, and that the above entitled action be, and the same is hereby dismissed."

Defendant's demurrers to such amended complaint set out three grounds of demurrer, namely: (1) That such amended complaint "does not state facts sufficient to constitute a cause of action;" (2) that the amended complaint is identical with the original complaint, which was amended by interlineation, after demurrer was sustained thereto; and (3) that the amended complaint was uncertain as to matters alleged in paragraphs 3 and 4 thereof.

The Honorable T. E. Downey, district judge, passed upon the original complaint (as amended by interlineation), but having been disqualified thereafter, Judge McClernan passed upon the amended complaint.

In Griffin v. Chicago, M. & St. P. R. Co., 67 Mont. 386, 216 Pac. 765, 767, this court laid down the rule that "actionable negligence arises only from a breach of legal duty, and to state a cause of action for damages resulting from negligence the complaint must allege the duty, its breach, the resulting damages, and that the breach of duty was a proximate cause of the injury. Ellinghouse v. Ajax Livestock Co., [51 Mont. 275, 152 Pac. 481, L. R. A. 1916D, 836] supra; Fusselman v. Yellow-

stone [Valley Land & Irrigation] Co., 53 Mont. 254, 163 Pac. 473, Ann. Cas. 1918B, 420; Barry v. Badger, 54 Mont. 224, 169 Pac. 34; Ecclesine v. Great Northern R. Co., 58 Mont. 470, 194 Pac. 143; Grant v. Nihill, 64 Mont. 420, 210 Pac. 914.'' See also: Pollard v. Oregon Short Line R. Co., 92 Mont. 119, 11 Pac. (2d) 271; Stricklin v. Chicago, M. & St. P. R. Co., 59 Mont. 367, 197 Pac. 839; Boyd v. Great Northern R. Co., 84 Mont. 84, 274 Pac. 293; Linney v. Chicago, M. St. P. & P. R. Co., 94 Mont. 229, 21 Pac. (2d) 1101; Bennetts v. Silver Bow Amusement Co., 65 Mont. 340, 211 Pac. 336.

Under the foregoing authorities the amended complaint stated ▆ facts sufficient to constitute a cause of action and was good against a general demurrer and should not have been dismissed.

This action is brought under the Federal Employers' Liability Act, 45 U. S. C. A. sec. 51 et seq. The cause of action is predicated on the proposition that, since drinking water and a rest room are necessary to the employment of the worker, the duty of the employer to use ordinary care to furnish the employee with a safe place to work includes the duty to furnish a safe way between the place of actual employment and such water and rest room.

The complaint, after showing the relationship of master and servant existed between defendant, a railroad engaged in interstate commerce, and plaintiff, its servant, working in interstate commerce, alleged: (1) Facts sufficient to show that defendant owed plaintiff the duty of furnishing him a reasonably safe place to work; (2) a breach of that duty by ''failing to exercise ordinary care to provide this plaintiff with a reasonably safe place to work * * * and a reasonably safe way upon which to travel'' to and from a water fountain and rest room provided ''for the convenience of the employees of defendant,'' which way ''was the shortest, most convenient and safest route available for them to travel,'' and consisted of ''cement blocks * * * so placed that there was a three to four inch tread at each tier level, with four tiers constituting the height * * * the general over-all height

being about five or six feet, and which blocks of cement were customarily used by the employees such as the plaintiff'' with the knowledge of defendant, when going to and from such rest room and water fountain, and that said way and cement blocks "constituted * * * a danger to the safety of all employees using the same as a path of travel in going to or from the drinking fountain'' and rest room; that failure on defendant's part to provide a safe way of travel to and from the fountain and rest room was negligence, and that such way was made dangerous by a number of acts and omissions of negligence on defendant's part; "and (3) as the direct and proximate result * * * thereof'' plaintiff fell and was seriously, totally, and permanently injured.

We have read the original complaint (amended by interlineation) and it stated facts sufficient to constitute a cause of action and was good as against the ground of demurrer, ''That the complaint does not state facts sufficient to constitute a cause of action''. R. C. M. 1947, sec. 93-3301, subd. 6.

Since it did state a cause of action, a reading of both complaints, and the difference between them as made by the amendments which changed the words "path of travel'' to "cement block wall,'' and "said pathway'' to "blocks of cement,'' leads to the conclusion that Judge Downey, in sustaining a demurrer to the original complaint, did so for the reason that "path of travel'' and "said pathway'' in the original complaint, when read in connection with "cement blocks,'' "tier of cement blocks'', "said blocks of cement as a travel pathway'', and "blocks of cement,'' as alleged in such original complaint, made such complaint uncertain and subject to a special demurrer.

The amended complaint is not, therefore, "identical with the original complaint'' and was good as an amended complaint.

The amended complaint meets the tests of certainty as laid down by this court and is, therefore, good as against the special demurrer for uncertainty.

" 'The object of pleading is to notify the opposite party of the facts which the pleader expects to prove, and so it is that the allegation of such facts must be made with that certainty

which will enable the adverse party to prepare his evidence to meet the alleged facts.' 21 R. C. L. 436.'' Kozasa v. Northern Pac. R. Co., 61 Mont. 233, 201 Pac. 682. See: Cook v. Galen, 83 Mont. 334, 272 Pac. 250; Johnson v. Johnson, 92 Mont. 512, 15 Pac. 2d 842; State ex rel. King v. Smith, 98 Mont. 171, 38 Pac. (2d) 274; Story Gold Dredging Co. v. Wilson, 99 Mont. 347, 42 Pac. (2d) 1003.

''A complaint, to be proof against a special demurrer, ought at least to be sufficiently definite and certain to be on its face a bar to another suit on the same cause of action.'' Small-horn v. Freeman, 61 Mont. 137, 201 Pac. 567, 569.

For the reasons stated the judgment is reversed and the cause is remanded to the district court with directions to overrule the demurrers to the amended complaint.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES BOTTOMLY, ANGSTMAN and ANDERSON, concur.