**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a Corporation, Plaintiff in Error,**

**v.**

**Henry A. BROWN, Defendant In Error.**

**No. 38510.**

Supreme Court of Oklahoma.

Dec. 15, 1959.

Rehearing Denied Feb. 2, 1960.

Doerner, Rinehart & Stuart, Harry D. Moreland, Tulsa, W. A. Thie, Dennison, Tex., for plaintiff in error.

Pat Malloy, Tulsa, for defendant in error.

JOHNSON, Justice.

This case originated in the District Court of Tulsa County, Oklahoma. Therein Henry A. Brown, an employee of the Missouri-Kansas-Texas Railroad Company, sued the company under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for an injury allegedly sustained by him while working for the company in interstate commerce. A jury trial resulted in a verdict in favor of Brown, which the trial judge approved and rendered judgment accordingly. The company appeals.

The only issue of law and fact presented by the company in this appeal is what law governs, and whether the evidence brings the incident within that law, and whether there is permanent disability.

The record discloses that Brown, who was admittedly an employee of the railroad, alleged in substance (inter alia) that the railroad, while engaged in interstate commerce, through its carelessness and negligence and in violation of the Federal Employers' Liability Act, failed to furnish him a safe place to work, or with reasonably safe equipment, by reason of which, while so employed, he suffered great bodily harm, loss of earning capacity, medical bills, pain and suffering and general permanent disability, etc.

Brown's petition briefly described the unsafe place to work and the unsafe equipment thusly: " * * * in that the wooden flooring of said gondola car was defective and large holes were permitted to be and remain in said flooring, as plaintiff and his fellow workmen were lifting the end of a certain (cross) tie with the tongs, the other end of the tie fell through a hole in the floor of said gondola car, and as the end of the tie fell through the hole in the floor of the car, plaintiff was pulled in a southerly direction and into another hole in the floor of said gondola, and as a result was * * * seriously injured * * *."

These alleged facts were sufficient to constitute a cause of action within the language, terms and provisions of the Federal Employers' Liability Act, supra, and that Act governs the liability in this action. Ritchie v. Northern Pacific Railway Co., 128 Mont. 218, 272 P.2d 728.

It is the duty of a railroad company engaged in interstate commerce to furnish its employees with a reasonably safe place to work and safe equipment to work with, and failure to do so is negligence. Bailey v. Central Vermont Ry., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444. And, unless there is a complete absence of probative facts, Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916, the

question of whether defendant was guilty of negligence in failing to furnish a reasonably safe place to work or safe equipment to work with is for the jury to determine from all the facts and circumstances and reasonable inferences to be drawn from said facts. Bailey v. Central Vermont Ry., supra. Once there is a reasonable basis for concluding that there was negligence which in whole or in part caused the injury, Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, it is irrelevant that fair-minded men might reach different conclusions for those of the jury. Lavender v. Kurn, supra, and Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572. See Annotation 61 A.L.R.2d 811. In this connection see also Midland Valley R. Co. v. Watie, 175 Okl. 402, 54 P.2d 177.

The company admits that the evidence was sufficient to submit to the jury the question of whether the incident occurred and whether there were some temporary medical consequences, but denies that there was a showing of permanent disability.

The company seemingly argues that Brown did not show that he was totally and permanently disabled, which showing, the company contends, was required in order for him to be entitled to any damages for future pain and suffering, future disability and future loss of earnings; contending that by reason thereof it was error for the court to instruct the jury as to the permanency of Brown's injury.

On the issue of permanent disability, one doctor for Brown testified concerning Brown as follows:

"He is in my opinion, disabled to where he has a 50% partial permanent disability of the body as a whole, a 50% disability and this disability, this 50% disability is charged directly to the injury."

Another doctor testified that Brown sustained a severe strain of the lower lumbar spine, that there was a tearing of ligaments that had not been healed and a disc involvement, all of which created a perma-

nent condition unless relieved by surgery; that he could not particularly recommend surgery because of Brown's age. He recommended against "manual labor of any type permanently."

It was shown by Brown's testimony that he had suffered "constant pain and suffering" since the accident, and that he was unable to work.

The opinion of his medical experts was to the effect that his condition resulted from his injury incurred while working for the company, and that such condition was permanent. The record further discloses that that opinion was expressed after a thorough discussion of Brown's condition with reference to his present and future pain and suffering, his present and future inability to perform manual labor, loss of earning capacity and the permanency thereof. As illustrative of the basis for the above conclusion, we quote from the statement of Dr. S.:

"Q. Doctor, assuming the statements that I made in my question to be true, do you have an opinion as to whether or not the conditions existing in this man today are or are not permanent? A. Well, the problem he has at the present time is permanent."

█ Under the above testimony, though in conflict with the company's medical testimony on the issues, the trial court was justified in instructing the jury on future pain and suffering, loss of earning capacity and the permanency of such condition. Crown Drug Co. v. McBride, Okl., 303 P.2d 970, and cited cases. See also Bailey v. Central Vermont Ry., supra, and Lavender v. Kurn, supra.

█ Assuming, without deciding, that the assumption of risk doctrine was applicable in this case as argued by the company, there was nothing in the record to invoke the assumption of risk doctrine, and the court's refusal to give the company's requested instruction on the issue was not error.

█ In order for the plaintiff (Brown) to recover in this case, it was only neces-

sary for him to prove that his injury resulted in whole or in part from the negligence of the defendant, and that such negligence was either the sole or the concurring cause of the injury.

█ The issues raised herein were fairly submitted to the jury under proper instructions. This court, under such circumstances, has always followed the rule that where the evidence reasonably tends to sustain the jury's verdict, and the trial court's judgment based thereon, we will not invade the province of the jury to weigh the evidence and disturb the verdict and judgment. Midland Valley R. Co. v. Watie, supra.

Other contentions of error are without merit.