JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
Reversing the jury’s verdict which was arrived at following four days of trial and seven hours of deliberation is no insignificant matter. It should never be done based on purely academic notions of technical irregularity which had no bearing on the outcome of the case. Yet, that is exactly what the majority has done in this case.
The defendant complains because the jury, in its conscientious effort to resolve the issues in this case on their merits, referred to the dictionary for a definition of proximate cause. However, the only discrepancy between the dictionary definition and the court’s Instruction No. 14 was that the dictionary definition did not include a discussion of foreseeability. That fact made absolutely no difference to the outcome in this case, because foreseeability was not an issue in this case. It was not even mentioned in the issues as framed in the pretrial order, and obviously did not come up during the course of the trial. Not only has the appellant failed to cite this Court to any fact *11 in this case which would have made foreseeability an issue, the appellant has not even provided this Court with a transcript of the District Court proceedings so that this Court could, on its own, examine the record to conclude whether foreseeability was an issue. None of that, however, is a deterrent to the majority’s determination to make an example of this bailiff and this jury by reversing a substantial verdict over an issue that had absolutely nothing to do with the case.
The majority pontificates that “[i]t is pure speculation to attempt to divine whether, and if so, to what extent the concept of foreseeability entered into the jury’s determination of causation.” Then, with absolutely no reference to the record, no suggestion of how foreseeability might have been an issue in this case, and no discussion of the actual issues in this case, the majority concludes that there was “a reasonable probability that the jurors’ misconduct influenced their decision....” Frankly, this is a shocking misapplication of the law that pertains to appellate review.
The only record presented to this Court on appeal consisted of the pleadings and the jury instructions. The pleadings give absolutely no indication that foreseeability was an issue in this case. The majority may feel good because they have sent a message to this bailiff and this jury. However, the only person really affected by this decision is the prevailing party who had nothing to do with the misconduct. In the process, the losing party is rewarded because of “misconduct” which had absolutely no bearing on the outcome of this case. As it turns out, the best thing that happened to the defendant in this case was when the jury tried to figure out what proximate cause meant.
It is in recognition of the time and effort that goes into the jury process that two important rules control our review of jury verdicts in civil cases. First, a verdict should never be reversed based on an irregularity or misconduct unless the act complained of materially affects the substantial rights of the aggrieved party. Second, in arriving at the first determination, the law acknowledges that the district judge who sat through the trial and personally observed and heard the evidence is in the best position to determine whether an irregularity or misconduct adversely affects one of the parties.
Therefore, we have established the rule that the decision to grant or deny a motion for new trial on one of these bases is within the sound discretion of the trial judge and will not be disturbed absent a manifest abuse of that discretion. In this case, I conclude that neither requirement has been established.
*12 Furthermore, it bears repeating that this Court has not even been provided the benefit of a transcript of the District Court proceedings. The majority does not know what testimony was given. The majority is unaware of any arguments that were made to the jury. The majority does not know what motions were made to the District Court, nor the factual bases for those motions. Yet, it has concluded that it knows, better than the District Judge, whether this admittedly improper conduct was prejudicial to the defendant.
It occurs to me that the only prejudice that occurred in this case, occurred when the District Court gave its Instruction No. 14 which pertained to proximate cause and was mandated by our decision in Kitchen Krafters, Inc. v. Eastside Bank (1990), 242 Mont. 155, 789 P.2d 567. That instruction is a convoluted, incomprehensible and irrelevant description of an abstract legal notion which did not belong in the jury instructions in the first place. To suggest that one of the parties was prejudiced when the jury tried to overcome this considerable judicially-created obstacle by trying to understand the relatively simple concept of causation through other means, carries the detached, misguided and esoteric notions of Kitchen Krafters to a new extreme.
The District Court instructed the jury on the subject of proximate cause in its Instruction No. 14. The affidavits of the jurors indicate that they sought guidance from dictionary definitions of proximate cause because of their inability to understand Instruction No. 14. However, the only discrepancy between the dictionary definitions and the court’s instruction which is complained of by the defendant is the fact that the dictionary definitions do not include the concept of “foreseeability.” I conclude that the absence of foreseeability in the dictionary definitions created absolutely no prejudice to the defendant for the following reasons.
First, foreseeability was not an issue in this case. This case was not, as suggested in the majority opinion, a complex form of litigation. It was a simple motor vehicle accident involving two vehicles, two drivers and one collision. The plaintiff accused the defendant of making an improper left hand turn. The defendant accused the plaintiff of making an improper pass. There is no indication from the meager record presented to us that either party ever argued that if he had done what he was accused of doing, harm to another person was unforeseeable. In fact, the contentions and issues raised in the pretrial order never even discuss the issue of proximate cause, much *13 less the sub-issue of foreseeability. The issues were set forth in the pretrial order as follows:

ISSUES OF FACT

The following issues of fact and no others remain to be litigated upon the trial:
1. Whether the September 2, 1992, accident was caused by Defendant’s negligence.
2. Whether the September 2, 1992, accident was caused by Plaintiff’s negligence.
3. The percentage of fault or negligence attributed to each party, if any, which was a cause of the September 2, 1992, accident.
4. The amount of money, if any, to which Plaintiff is entitled to compensate him for his damages.
The majority’s concern, therefore, about foreseeability is much to do about nothing.
Second, if either party did what he was accused of doing, foreseeability was assumed as a matter of law. Therefore, it was unnecessary to instruct the jury on the issue of foreseeability in the first place. For example, Riley was accused of making an unsafe turn in violation of § 61-8-336, MCA. Allers was accused of making an unsafe pass, which would be a violation of § 61-8-325, MCA.
[W]e have long been committed to the doctrine that the violation of a statute enacted for the safety of the public is negligence per se ...
Kudrna v. Comet Corp. (1977), 175 Mont. 29, 39, 572 P.2d 183, 188.
In this case, the jury was specifically instructed that violation of motor vehicle laws is negligence per se, and it found that both parties were negligent. Negligence has four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. However, there can be no “duty” unless harm from an act or omission is “foreseeable.” As we stated in Shafer v. Department of Institutions (1979), 181 Mont. 102, 105, 592 P.2d 493, 495:
The crux of this case is the element of negligence known as foreseeability. This element serves as a limit on liability for acts which might, under other circumstances, be negligent. The substance of foreseeability as it relates to negligence is that a defen- • dant who could not foresee any danger of injury from his conduct or any risk from an intervening force is not negligent. Mang v. *14 Eliasson (1969), 153 Mont. 431, 436, 458 P.2d 777, 780. Absent foreseeability, there is no duty; absent duty, there is no negligence.
(Emphasis added.)
When we have held, as we have on many occasions in the past, that violation of a motor vehicle statute is negligence as a matter of law, we have held that such a violation constitutes a breach of each motorist’s duty to others. By concluding as a matter of law that violation of a motor vehicle statute is a breach of duty, we have held as a matter of law that injury to others is foreseeable from such a violation. Therefore, it was completely unnecessary to re-instruct the jury on the subject of foreseeability as an element of causation. It was not only unnecessary, it caused confusion which should have been avoided if this case was to be decided on its merits. For these reasons, the jury’s mere consultation of other definitions which did not include the concept of “foreseeability” could not possibly have prejudiced the defendant. To hold otherwise ignores the simple reality presented by the facts in this case and the common law by which it must be decided.
Finally, I conclude that the Kitchen Krafters’ proximate cause instruction is itself prejudicial to any party charged with proving causation. It is redundant with regard to the subject of “foreseeability” which is already implicit in the negligence instructions; the subject of “foreseeability” is more appropriately dealt with under the issue of negligence; the concept is incomprehensible to the average jury; and by perpetuating this practice (which to my knowledge is unique to this jurisdiction), this Court has made it more difficult to resolve civil claims on their merits. Therefore, it is time for the Court to admit that it made a huge mistake when, in its Kitchen Krafters case, it imposed upon the district courts of this state the obligation to interject archaic, redundant and most often irrelevant legal notions into instructions to a lay jury on an issue which in most cases is relatively simple and can be decided based on common sense.
In a negligence action, such as this one, the subject of foreseeability is repetitious of the duty imposed under the standard negligence instruction which provides that:
Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if he fails to act as an ordinarily careful person would act under the circumstances.
(Emphasis added.)
How an ordinarily careful person would act under the circumstances takes into consideration whether or not harm to someone is foreseeable.
*15 The fact that discussion of “foreseeability’ as part of proximate cause results in repetition is evident from our earlier cases which, as already mentioned, include foreseeability as an element of the “duty’ which has to be present before negligence can be found.
For example, in Shafer v. Department of Institutions (1979), 181 Mont. 102, 592 P.2d 493, the victim was on leave from the Mountain View School for Girls when she was involved in an automobile accident and injured. The state was sued under the theory that Mountain View was negligent by failing to properly supervise the victim. We held that the state was not negligent, based upon unforeseeability of the manner in which the injury occurred. However, we did not do so under a discussion of “proximate cause” but rather under the discussion of the defendant’s “duty.” In addition to the previously quoted language, we stated that:
Foreseeability is measured on a scale of reasonableness; it is not measured abstractly. Ford v. Ruple (1972), 161 Mont. 56, 64, 504 P.2d 686, 691. The perspective is from the time of the allegedly negligent act:
... in weighing the likelihood of harm, the seriousness of injury and the value of the interest to be sacrificed — the law judges the actor’s conduct in the light of the situation as it would have appeared to the reasonable man in his shoes at the time of the act or omission complained of. Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness. Mang v. Eliasson, 153 Mont. at 436-37, 458 P.2d at 780.
Shafer, 592 P.2d at 495.
Foreseeability was also imposed as an element of duty in Pretty on Top v. City of Hardin (1979), 182 Mont. 311, 597 P.2d 58. In that case, we pointed out that:
Actionable negligence arises only from a breach of legal duty, and to sustain an action for damages resulting from negligence, the complaint must allege the duty, its breach, the damages, and that the breach of duty was the proximate cause of the injury. Ritchie v. Northern Pacific Railway Co. (1954), 128 Mont. 218, 272 P.2d 728. Related to these basic rules of negligence law is the rule that a defendant who could not reasonably foresee any danger of direct injury resulting from his conduct or any risk from an intervening force is not negligent. Mang v. Eliasson (1969), 153 Mont. 431, 458 P.2d 777.
*16 Pretty On Top, 597 P.2d at 60.
As a result of these cases, in combination with the Kitchen Krafters decision, we now analyze foreseeability in determining whether there is negligence, and then re-analyze foreseeability in determining whether there was “proximate cause.”
Many courts have eliminated this redundant analysis and simplified the jury’s responsibility by limiting the analysis of foreseeability to a determination of whether there is negligence in the first place, and then dealing with cause as simply cause-in-fact. Two of the jurisdictions in our own area which have done so are the states of Washington and Oregon.
In Rickstad v. Holmberg (Wash. 1969), 456 P.2d 355, the Washington Supreme Court stated that:
The better considered authorities do not regard foreseeability as the handmaiden of proximate cause. To connect them leads to too many false premises and confusing conclusions. Foreseeability is, rather, one of the elements of negligence; it is more appropriately attached to the issue of whether defendant owed plaintiff a duty, and, if so, whether the duty imposed by the risk embraces that conduct which resulted in injury to plaintiff. The hazard that brought about or assisted in bringing about the result must be among the hazards to be perceived reasonably, and with respect to which defendant’s conduct was negligent. See Restatement (Second) of Torts § 435 comment c (1965). ...
It is the misuse of foreseeability — that is, discussion of the improbable nature of the accident in relation to proximate cause— that led the trial judge, in the instant case, to conclude that the challenge should be sustained.
Rickstad, 456 P.2d at 358.
The comment in the Restatement (Second) of Torts referred to in the Washington opinion is part of the Restatement’s analysis of foreseeability under its section on causation. The authors there state:
Strictly, the problem before the court is one of determining whether the duty imposed on the actor was designed to protect the one harmed from the risk of harm from the hazard in question. (See § 281, comment e, and § 449.) However, courts frequently treat such problems as problems of causation. (See § 281, comment e, and § 430, comment a.)
Restatement (Second) of Torts § 435, comment c (1965).
*17 How to deal with foreseeability in the jury instructions when analyzed as part of “duty” is illustrated in Wills v. City of Vancouver (Wash. 1970), 467 P.2d 292.
Similar analyses in Oregon occurred in Sworden v. Gross (Ore. 1966), 409 P.2d 897, and Brennan v. City of Eugene (Ore. 1979), 591 P.2d 719.
I agree with the Washington court that the better reasoned authorities address foreseeability as part of their analysis of “duty” rather than “proximate cause.” In addition to the Restatement (Second) of Torts, W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 43 (5th Ed. 1984), states as follows:
Negligence, it must be repeated, is conduct which falls below the standard established by law for the protection of others against unreasonable risk. It necessarily involves a foreseeable risk, a threatened danger of injury, and conduct unreasonable in proportion to the danger. If one could not reasonably foresee any injury as the result of one’s act, or if one’s conduct was reasonable in light of what one could anticipate, there would be no negligence, and no liability. ...
... At the risk of becoming wearisome, it must be repeated that the question is primarily not one of causation, and never arises until causation has been established. It is rather one of the fundamental policy of the law, as to whether the defendant’s responsibility should extend to such results. In so far as the defendant is held liable for consequences which do not lie within the original risk which the defendant has created, a strict liability without fault is superimposed upon the liability that is logically to be attributed to the negligence itself. It is simpler, and no doubt more accurate, to state the problem in terms of legal responsibility: [I]s the defendant legally responsible to protect the plaintiff against such unforeseeable consequences of the defendant’s own negligent acts? ... Whether there is to be such legal responsibility is a matter of policy, of the end to be accomplished; and when we say, for example, that the defendant is or is not under a “duty” to protect the plaintiff against such consequences, “duty” is only a word with which we state our conclusion and no more.
Prosser and Keeton on the Law of Torts § 43 at pp. 280-81.
The classic case in this country that dealt with the issue of foreseeability was Palsgraf v. Long Island Railroad Co. (N.Y. 1928), 162 N.E. 99. In the majority opinion authored by Justice Cardozo, *18 liability was defeated because the injury that was alleged was “unforeseeable.” However, the issue of foreseeability was considered in the court’s analysis of whether or not the defendant had a duty to the plaintiff. In summarizing that decision, Prosser and Keeton state:
In this situation Judge Cardozo, speaking for a majority of four, held that there was no liability, because there was no negligence toward the plaintiff. Negligence, he said, was a matter of relation between the parties, which must be founded upon the foreseeability of harm to the person in fact injured. The defendant’s conduct was not a wrong toward her merely because it was negligence toward someone else. She must “sue in her own right for a wrong personal to her, and not as the vicarious beneficiary of a breach of duty to another.”
Prosser and Keeton on the Law of Torts § 43 at p. 285.
I believe that we can accomplish the same social objectives for which the requirement of foreseeability was established without dealing with the issue redundantly and thereby unnecessarily complicating the resolution of disputes. The way to do so is to deal with the issue of foreseeability in the analysis of negligence alone.
For all of these reasons, then, I conclude that there was no prejudice to the defendant by the jury’s consideration of definitions of proximate cause which did not include the concept of “foreseeability.” Furthermore, because there was no prejudice to the defendant, the District Court did not manifestly abuse its discretion when it denied the defendant’s motion for new trial.
In summary, § 25-11-102, MCA, provides that a new trial may only be granted when the complaining party’s “substantial rights” have been materially affected by an irregularity in the proceedings or misconduct of the jury. Rule 61, M.R.Civ.P., provides that:
No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
(Emphasis added.)
We have repeatedly held that we will not reverse jury verdicts or decisions of the district court based on error which was harmless. *19 R. H. Grover, Inc. v. Flynn Ins. Co. (1989), 238 Mont. 278, 284-85, 777 P.2d 338, 342; Giles v. Flint Valley Forest Prods. (1979), 179 Mont. 382, 387-88, 588 P.2d 535, 538-39. The majority in this case has, however, established a new rule. That rule seems to be that if the conduct complained of by the aggrieved party is offensive enough to the majority, then the absence of prejudice is irrelevant. Since symbolic messages are not the true function of this Court, I dissent from that course of action.
Aside from the legal analysis set forth above, the most amazing thing to me about the result arrived at by the majority is that without the benefit of having heard the evidence or even reviewed a transcript of the evidence, it holds as a matter of law that the District Court Judge who heard all of the evidence manifestly abused his discretion when he held that:
This court determines that any influence the dictionary definitions may have had on the jury did not affect the rights of the defendant.
Under the circumstances in this case, this decision renders a three to four-day trial, the service performed by a jury, and the role of the District Court all meaningless.
For these reasons, I dissent from the majority opinion.
JUSTICE HUNT joins in the foregoing dissenting opinion.